(Clarke County O., Common Pleas, 1901.)

STATE OF OHIO ex rel. v. STAFFORD.

————

(1.) The board of county commissioners and county officers have the right to employ the prosecuting attorney, under the provisions of section 845 and 2862, Revised Statutes, the same as they have the right to employ any other attorney.

(2.) Outside of state cases and other cases, made by the law his special duty to prosecute, the duties of the prosecuting attorney, and attorney at bar, are distinct and divorced from each other, and it is not made the duty of the prosecuting attorney, except where specially prescribed by statute, to appear in any court, in litigated cases, for or on behalf of any county officer, without receiving compensation, the same as any other attorney.

(3.) Section 1274, Revised Statutes, does not require the prosecuting attorney to prosecute or defend any litigated case, for any of the county officers, and his duties as legal adviser do not require him to appear in any action, before a judicial tribunal.

(4.) The prosecuting attorney of the county is entitled to 10 per cent. on all forfeited recognizances, filed in the clerk's office of the court of common pleas, collected and paid to the county treasurer, provided the fee in any one case does not exceed $100.

————

This was a case involving the question of the right of the board of county commissioners, county auditor, and county treasurer, to employ the defendant in his individual capacity, who was then prosecuting attorney of the county, to defend them in suits brought against them, in any action, which affected the public interests, and in suits brought against public officers in their official capacity, for attempting to perform some duty enjoined upon

them, by virtue of their office, and also the right of the prosecuting attorney of the county to be paid 10 per cent. of the amount collected on forfeited recognizances, where the sum does not exceed $100, in any one case.

The petition contained eight separate causes of action. The first cause of action in substance alleged that the defendant, while acting as prosecuting attorney of Clark county, Ohio, was employed by the county treasurer, to defend him in a certain suit brought against said treasurer et al., in the court of common pleas of Allen county, Ohio. where a receiver was appointed for The Ohio Southern Railroad Company. The said treasurer in said suit was seeking to collect the taxes due said county by answer and cross petition in said suit. Said cause of action alleged that the county treasurer had no authority to employ said Horace W. Stafford to represent him in said suit; said railroad company being then in the hands of a receiver.

The second cause of action sought to recover from the defendant, the sum of $10. which was paid to him upon the allowance of the county commissioners, as 10 per cent. of a certain forfeited recognizance in the sum of $100, collected by said Stafford, on a bond given before a justice of the peace, and certified and filed in the clerk's office, in the court of common pleas.

The third cause of action in substance stated that the board of county commissioners of Clark county, Ohio, employed the defendant. Stafford, to represent them in a certain suit. brought against them in the probate court of Clark county, Ohio, on appeal, to prevent the construction of a certain ditch and alleged that the commissioners had no authority to employ said defendant or pay him for services so rendered, in defending said commissioners in said suit.

The fourth cause of action in substance stated, that one L. F. Young, who was then county auditor, of Clark county, Ohio, employed the defendant, Stafford, to represent him, as such auditor, in a certain suit in the court of common pleas, and circuit court, brought against him for certifying certain taxes to the county treasurer for collection.

The fifth and sixth causes of action in substance stated, that the board of county commissioners of Clark county, Ohio, retained the said Stafford to defend said county in the court of common pleas, to resist the collection of a claim made by the ex-county recorder, against the county for indexing certain records, which claim had been presented to the county commissioners and disallowed by them and an appeal being taken therefrom.

The seventh cause of action in substance stated, that one L. F. Young, who was then, county auditor of Clark county, employed the defendant to represent him, as such auditor, and that upon the expiration of his term, the said defendant was employed by his successor to represent him in defending a certain action, brought by The Springfield Railway Company, against the auditor, to restrain said auditor from performing certain duties relative to the public revenue.

The eighth cause of action in substance stated, that the county auditor of Clark county, Ohio, employed him to represent him as such auditor, in a certain suit brought by The Sprinfield Breweries Limited, to restrain him from performing certain duties relative to the collection of public revenue.

The total fees paid to said defendant for services, amount in the aggregate to $1560. In no case, when employed by the county commissioners, did the fees paid said defendant, exceed the sum of $250.

It is alleged in each cause of action, that the various officers had no right or authority to employ said defendant; that the claim of the defendant for attorney fees constituted no valid claim against the county and that each of said bills for fees should not have been allowed, and that said money, on account thereof, was wrongfully and illegaly drawn and taken out of the county treasury by the said defendant and judgment is prayed against said defendant for said sum, with interest from day of payment.

To each cause of action, the defendant filed a demurrer.

MOWER, J.

"The prosecuting attorney is allowed by the laws of the state from the public funds for the services he is required to perform:

(1.) By way of salary.

Under section 1297, Revised Statutes of Ohio, $2, for each one hundred inhabitants Clark county contained at the next preceding federal census to the rendition of the services.

(2.) By the way of percentage.

In addition thereto, he is allowed 10 per cent. of all moneys collected on fines, forfeited recognizances and costs in criminal cases, provided that such commission in any one case shall not exceed one hundred dollars, by virtue of the provision of section 1298 Revised Statutes.

(3.) By way of allowance.

By provision of section 1274, Revised Statutes, the county commissioners at their annual session in December, make him such allowance as they deem proper as their legal adviser, and the adviser of other county offi-

ᵥcers, for any written opinion or instructions that they, or either of them may require in reference to their official duties.

Public duties for which he is to be recompensed are to be found in the foregoing sections and following ones, and the court is unable to find any where in the statutes any law that makes it the duty of the prosecuting attorney to prosecute in the county any civil actions for or against the board of county commissioners or county officers, such as are set forth in the several causes of action in the petition.

It seems, therefore to resolve itself finally to this question—whether the statute makes it the duty of the prosecuting attorney to be the legal adviser of the county commissioners and the other county officers, and to give them written opinions, and whether it also becomes his duty to prosecute all the suits and causes of action in which they become entangled? If it does not, then he is entitled to compensation for employment which cannot exceed the limit fixed, viz.: $250, in each case, when so employed by the commissioners.

The words, legally advise, should be interpreted to mean in these statutes what it is usually held to mean. In its common use as well as in legal proceedings it simply means counsel, advice, to inform, to acquaint, quite different as is well understood by the legal profession from a pleader in court or the defense of a cause of action before a judicial tribunal.

The court holds:

That the board of county commissioners and the county officers have a right to employ the prosecuting attorney, under the provisions of sections 845 and 2862, the same as they have the right to employ any other attorney, and in many cases he would be of much greater utility to the public interests of the county than any other attorney of equal ability—he having by his duties as adviser been more fully acquainted with the county's rights under the law than any one of the profession without such knowledge.

This court further holds that he might and may properly be employed against the commissioners by private litigants especially when the county has refused to follow his advice and he believes he was right and the board was wrong.

In other words, that his legal duties as an attorney, outside of state cases, and other cases made by the laws his special duty, and his duties as an attorney at the bar and prosecuting attorney, are distinct and divorced from each other.

I will not refer to the cases in support of these views, but will only allude to those referred to by the prosecuting attorney and the attorneys for the tax payer, as showing the same to be not inimical to these views:

First:

*Jones, Auditor,* v. *Commissioners of Lucas county. Lewis* et al., v. *State of Ohio,* 57 Ohio St., 189.

This in effect, decides that the county commissioners can not bind the county by allowing illegal fees—so this court says, and the foregoing decisions are not applicable to the case at bar.

The case of *Higgins* v. *County Commissioners of Logan Co.,* 62 Ohio St., 621, holds that under section 897, the commissioners of the county can not receive lawfully their personal expenses while attending the sessions of the board nor mileage for more than one session each month. This has no application whatever to this section, for the principles are in perfect harmony with the holding in this case.

In case of the board of county commissioners, *Joel* v. *Easton* 7 N. P., 189, the fact that the county commissioners received more than can be recovered back, is fully recognized in the above decision. This decision is in full harmony with the principles laid down in:

*Halpin* v. *Commissioners,* 3 Cas., page 336. *Sharon* v. *Commissioners,* 47 Ohio St., 404.

In the case of L. N. Lease, 4 C. C., 3, establishing this well recognized rule, "That a public officer is only entitled to the compensation provided by statute and as a necessary corollary thereto, that where no compensation is provided by statute, and a service is imposed upon the officer the same is presumed to be gratuitous, or to be paid by the salary or fees allowed for other services performed by the officer."

But in this case no services are imposed by statute upon the officer and no inhibition against the designated employment of the individual. The several demurrers to the several causes of action are sustained."

Attorney for plaintiff cited the following authorities:

*Higgins* v. *Commissioners,* 62 Ohio St., 621 *State* v. *Brown,* 20 C. C., 57. *Jones* v. *Commissioners,* 57 Ohio St., 189. *Deboldt* v. *Trustees,* 7 Ohio St., 237...*Anderson* v. *Commissioners,* 57 Ohio St., 13. *Commissioners* v. *Easton,* 7 N. P., 189, 190. *Halpin* v. *Cincinnati,* 2 Gaz., 386. *Strawn* v. *Com.,* 47 Ohio St., 404. *Re claim of L. N. Lease,* 4 C. C., page 3.

The attorneys for the defendants cited the following authorities:

*Right of Board of Commissioners to employ Counsel.*
*Revised Statutes,* 845, 4464; *State ex rel John*

*Zumstein,* 4 C. C., 70; *Anderson* v. *Pratt,* 44 Cal., 317; *Mechem on Public Officers,* Sec., 893; *Shanklin* et al., v. *Noyles,* 35 Ohio St., 207, 44 Bull., 115; *State ex rel Delaney* v. *Commissioners,* 21 Ohio St., 650, Revised Statutes 896.

*Right of Auditor and Treasurer to employ Counsel.*

Revised Statutes, 2862; *State ex rel., Cappeller,* 39 Ohio St., 214, 6 N. P., 202.

*Revised Statutes of Ohio,* sections 1273, 1274, 1277, 1279, 2805, 2898, 2907, 2937, 2969b, 2731-4, 2731-12, 44 Bull., 115, 116; *Huffman* v. *Commissioners,* 23 Kan., 197, Ency., old Vol., 5, 720, Ency., new Vol., 7, page 992.

*Fees due on Forfeited Recognizance.*

Revised Statutes of Ohio, sections, 7164, 7183.

*Prosecuting Attorney may Legally accept employment.*

Law Bull., 45, 85; 24 N. J. Law, page 764, 768; 45 Law Bull., page 85; *State* v. *Saunders,* 120, U. S., 127; Cited in Law Bull., 45, page 85.

*John B. McGrew,* for plaintiff.

*Bowman & Bowman, Hagan & Kunkle,* for defendants.